PEOPLE, PLAINTIFF AND ·APPELLEE, *v.* CRUZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Aggravated Assault and Battery.

No. 1204.—Decided June 7, 1918.

ASSAULT AND BATTERY.—When two or more persons unite to accomplish a criminal object whether through the physical volition of one, or of all, proceeding severally or collectively, each individual whose will contributes to the wrongdoing is in law responsible for the whole, the same as though performed by himself alone.

The facts are stated in the opinion.

*Mr. Antonio Trujillo Güil* for the appellants.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellants were convicted of aggravated assault and battery and given thirty days in jail.

There is no formal assignment of error and the only contention is that the evidence does not support the judgment.

It does show however that both defendants were armed with revolvers and that one of them, with his weapon, kept the prosecuting witness covered while the other committed a brutal assault and battery upon the person of their helpless victim.

. The *fiscal* concedes, unnecessarily perhaps, the absence of aggravating circumstances as to the battery, and the question is not a matter of practical importance in so far as the result herein is concerned.

It will suffice to say that "when two or more persons unite to accomplish a criminal object whether through the physical volition of one, or of all, proceeding severally or collectively, each individual whose will contributes to the wrongdoing is in law responsible for the whole, the same as though performed by himself alone." 1 Bishop's New Criminal Law, p. 385, § 629; *People* v. *Bianchi,* 18 P. R. R. 560.

The judgment of conviction will be modified by elimination of the element of battery and, as modified,

*Affirmed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.